UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and ROBERT FLINN, OTTO LINDSAY, JOSEPH TOCCO, ANDREW ORLANDO, GARY ELLIOTT, GALE JAMISON, KENNETH KARSTEN, PETE GASS, JAMES MOLL, THOMAS DAVIS, JEFF SCHMIDT, AND NORMAN MERLO Trustees of the Greater St. Louis Construction Laborers Welfare Fund, and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and JOSEPH TOCCO, JEFFREY O'CONNELL, RICHARD MCLAUGHLIN, GARY ELLIOTT, JIM DOYLE, FRANK GRICE, JOSEPH BEETZ, WILLIAM LUTH, ROBERT FRITZ, DONALD GRANT, JOSEPH LERITZ, and JAY SCHULTENHENRICH, Trustees of the Construction Laborers Pension Trust of Greater St. Louis, and LOCAL UNION NOS. 42-53-110, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations, <br><br>    Plaintiffs, <br>  v. <br><br> McNEARNEY HOMES II, INC., <br><br>    Defendant. | No. 4:07-CV-2081 CAS |

**DEFAULT JUDGMENT**

Plaintiffs filed this action to recover, <u>inter alia</u>, delinquent contributions, liquidated damages, and interest owed by defendant McNearney Homes II, Inc. to the plaintiff employee benefit funds pursuant to the Employee Retirement Income Security Act of 1972, as amended

("ERISA"), 29 U.S.C. §1132, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185. Plaintiffs also seek to recover attorneys' fees and costs incurred in this action.

Plaintiffs move for default judgment, submitting in support of their motion a memorandum, exhibits, and the affidavits of Bernard Difani and Janine M. Martin. Based upon plaintiffs' motion, the Court finds the following:

Pursuant to the applicable collective bargaining agreement and ERISA, 29 U.S.C. §1132(g)(2), plaintiffs are owed a total of Four Hundred Forty-Five Dollars and Fifty Cents ($445.50) in delinquent contributions and Three Hundred Nine Dollars and Forty-Two Cents ($309.42) in liquidated damages for the period of April 1, 2007 through January 2008. Also, the collective bargaining agreement and ERISA, 29 U.S.C. §1132(g)(2), requires defendant to pay attorneys' fees and costs. Plaintiffs incurred Eight Hundred Eighty-Eight Dollars and Fifty Cents ($888.50) in attorneys' fees, and Four Hundred Sixty-Three Dollars and Forty Cents ($463.40) in court costs and special process server fees. Based on the evidence presented, the Court finds the services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, the rates charged were reasonable, and the amount sought for attorneys' fees is reasonable.

The total amount owed by defendant to plaintiffs for time period of April 1, 2007 through January 2008 is Two Thousand One Hundred Six Dollars and Eighty-Two Cents ($2,106.82).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is **GRANTED**. [Doc. 13]

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that judgment is entered in favor of plaintiffs and against defendant McNearney Homes II, Inc., in the total amount of Two Thousand One Hundred Six Dollars and Eighty-Two Cents ($2,106.82).

Nothing in this Default Judgment precludes plaintiffs from performing a future payroll compliance examination for the period including February 2007 through January 2008.

**SO ORDERED**.

                                                      **CHARLES A. SHAW**
                                                      **UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of May, 2008.